**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: June 01 2007

Mary Ann Whipple
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| In Re | ) | Case No. 05-38731 |
| | ) | |
| Yvette R. Thompson | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | JUDGE MARY ANN WHIPPLE |

### ORDER RE MOTION TO VACATE ORDER GRANTING RELIEF FROM STAY

The court held a hearing on May 31, 2007, on Debtor's Motion to Reinstate Stay as to Conseco Finance Servicing Corporation ("Conseco") [Doc #68]. On February 1, 2007, the court entered an order [Doc. #66] granting relief from stay to Conseco pursuant to an affidavit attesting to Debtor's default in the terms of a prior agreed order resolving a motion for relief from stay. In requesting "reinstatement" of the automatic stay, Debtor actually seeks to have this order vacated. For the reasons explained below and on the record at the hearing, the court will grant the motion subject to certain conditions.

The procedural basis for vacating a prior order is Fed.R.Civ.P. 60(b), made applicable to this case by Fed.R.Bankr.P. 9024. Rule 60(b)(6) authorizes a court to vacate a judgment for "any other reason justifying relief from the operation of a judgment." Generally courts find that the reasons justifying such relief must be exceptional circumstances that would justify relief from the judgment in order for justice to be accomplished. Taylor v. Freeland & Kronz (In re Davis), 150 B.R. 633, 640 (Bankr. W.D. Pa. 1993). Ms. Thompson does not deny that she was in default in her mortgage payments to Conseco under the terms of the agreed order. Rather she asserts that the procedural

requirements of the Agreed Order were not satisfied, in that neither she nor counsel were notified of the 10 day cure opportunity afforded by the order. Counsel for Conseco is newly assigned to the case, and was not in a position to contest these allegations. The court would note, although not exactly the point in issue, that the certificate of service of the affidavit itself shows service only on parties to an unrelated case and not to Debtor and her lawyer. This fact lends procedural credibility to the assertion of failure of notification of an opportunity to cure. Under the circumstances, the court finds that apparent non-compliance with the procedural terms of the Agreed Order constitute a basis for vacating the February 1, 2007, order. The court also notes that Ms. Thompson is current in her plan payments to the Chapter 13 Trustee, which is the bassi for curing the pre-petition arrearage owed to Conseco, although when the February 1, 2007, order was entered payments on the arrearage claim terminated.

While authorizing relief from prior judgments and orders under certain circumstances, Rule 60(b) also provides that such relief be "upon such terms as are just." As the Third Circuit held, "under Fed.R.Civ.P. 60(b) prejudice suffered by a non-defaulting party can be rectified through the trial court's power to impose terms and conditions upon the opening of a judgment." Hritz v. Wroma Corp., 732 F.2d 1178, 1182 n.3 (3d Cir. 1984). In obtaining relief from stay, Conseco was asserting its legal rights in response to undisputed defaults by Debtor. Therefore, in order to be fair to Conseco, the court finds that vacation of the prior order must be conditional. See Durkalec, 21 B.R. at 620. The reasons that conditioning relief is appropriate is that a default occurred, and further this was the second time that a default occurred under the Agreed Order and that an order relief from stay has been sought to be vacated. Moreover, Debtor allowed the homeowner's insurance to lapse and Conseco force placed insurance. The court will impose two conditions. First, the defaulted post-petition payments on Conseco's mortgage must be paid in their entirety. Second, the prior court order conditioning further imposition of the automatic stay will be reinstated in modified form.

THEREFORE, for good cause shown,

IT IS ORDERED THAT:

1. Debtor's Motion to Reinstate Stay as to Conseco Finance Servicing Corporation [Doc #68] is GRANTED.

2. The court's order for relief from stay entered on February 1, 2007, [Doc. # 66] is vacated.

3. The Chapter 13 Trustee shall recommence making payments to Conseco on the pre-petition arrearage claim .

4. The court's Agreed Order of January 3, 2006 [Doc. #41] is hereby reinstated and confirmed as of continuing effect conditioning the further imposition of the automatic stay as to Conseco, except that (a) paragraph 2 has already been satisfied; (b) Debtor's mortgage payment for June, 2007, must be made in time to be received by Conseco by **June 15, 2007**, which is within the grace period provided by the note; and (c) Debtor shall be entitled to notice of default and the opportunity to cure under paragraph 3 only one more time. Debtor's failure to have made the June 2007 payment by June 15, 2007, will constitute an event of default under the January 3, 2006, Agreed Order.

5. Debtor must immediately transmit to the Attorney for Conseco a check in the total amount of **$4,668.91**, which represents payments through May 2007. This check must be received by Mr. Demers on or before **June 8, 2007**. If Debtor does not do this, an event of default will have occurred under the January 3, 2006, Agreed Order. If the check (or any other check) is returned for insufficient funds, an event of default also will have occurred under the January 3, 2006, Agreed Order.

6. Attorney for Conseco indicates that the payment in paragraph 5 includes amounts for premiums for force placed insurance and has represented that if proof of insurance is provided that Debtor will be entitled to credit for any premium amounts paid as part of her mortgage payments at a time when the property was actually insured. Until Attorney for Conseco is provided with proof of insurance on the property, Debtor must continue to make the monthly mortgage payment including the additional amount for the insurance premiums.